UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x

| | |
|---|---|
| DARREN MARTINEZ,<br>Plaintiff | Civil Action No.<br>3:22-cv-00849-SALM |
| v. | JULY 8, 2022 |
| THE UNITED STATES POSTAL SERVICE,<br>THE UNITED STATES OF AMERICA &<br>PHILIP TONNING O'SULLIVAN | |
| Defendants | |

-----------------------------------------------------------------x

## AMENDED COMPLAINT

Plaintiff, Darren Martinez, by his attorney, Michael E. Skiber, now comes before this Court and complains of the United States of America, the United States Postal Service and Philip Tonning O'Sullivan as follows:

### JURISDICTION and VENUE

1. At all times relevant hereto, the Plaintiff, Darren Martinez, resided in City of Stamford, State of Connecticut.

2. At all times relevant hereto, the Defendant, Philip Tonning O'Sullivan, resided in the Town of Greenwich, State of Connecticut.

2. The claims herein are brought against Defendants, The United States Postal Service and United States of America, pursuant to the Federal Tort Claims Act, § 2671, et seq, and 28 U.S.C. § 1346(b)(1), for monetary damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of the employees of the United States Government while acting within the scope of their employment and/or offices, under circumstances where the defendants, the United States of America and the

United States Postal Service, if a private person, would be liable to the plaintiff, Darren Martinez

3. Venue is proper in that all of the acts and omissions forming the basis of these claims occurred in the State of Connecticut and arise from a motor vehicle collision that occurred in the State of Connecticut.

4. The Plaintiff, Darren Martinez, has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5. The underlying action has been timely filed in that the Plaintiff, Darren Martinez, has timely filed notice of his claim on The United States Postal Service on or about September 30, 2020 and the defendant, The United States Postal Service, has failed to make a final disposition of the Plaintiff's claim within six (6) months after it was filed.

6. Jurisdiction exists under 28 U.S.C. § 1346.

## PARTIES

7. On September 19, 2020 at approximately 12:19 p.m., the Plaintiff, Darren Martinez, was the operator of a motorcycle travelling westbound on Old Rock Lane through the intersection of Meeting Grove Lane in Norwalk, Connecticut.

8. At the same time and place, the Defendant, Philip Tonning O'Sullivan, was operating a United States Postal Service vehicle southbound on Meeting Grove Lane near the intersection of Old Rock Lane in Norwalk, Connecticut.

9. Suddenly and without warning, the Defendant, Philip Tonning O'Sullivan, entered the Plaintiff Darren Martinez's lane of travel, causing a collision.

## COUNT ONE: NEGLIGENCE AGAINST DEFENDANT PHILIP TONNING O'SULLIVAN

10. The collision was caused by the negligence of the Defendant, Philip Tonning

O'Sullivan, in one or more of the following ways, in that he:

    (a) Failed to grant the right of way to the Plaintiff;

    (b) Failed to turn the motor vehicle to the left or to the right so as to avoid the collision, although in the exercise of due care, could and should have done so;

    (c) Failed to keep a motor vehicle under proper and reasonable control;

    (d) Failed to keep a proper and reasonable lookout for other vehicles;

    (e) Failed to apply the brakes in time to avoid the collision, although in the exercise of due care, could and should have done so;

    (f) Failed to turn the vehicle in such a manner so as to avoid such a collision even though he could have or should have done so; and

    (g) Failed to sound the horn, flash the headlights or give any warning of the impending approach.

11.    The Plaintiff, Darren Martinez, suffered injuries as a direct result of the collision, the same having been directly and proximately caused by the negligent acts of the Defendant, Philip Tonning O'Sullivan.

## COUNT TWO: NEGLIGENCE AGAINST THE UNITED STATES OF AMERICA

12.    The motor vehicle operated by the Defendant, Philip Tonning O'Sullivan, was owned by the Defendant, The United States of America.

13.    At all times mentioned herein, the Defendant, Philip Tonning O'Sullivan, was operating the vehicle as an officer, agent, servant and/or employee of the Defendant, The United States of America.

14.    The Defendant, Philip Tonning O'Sullivan, is an employee of the Defendant, The United States of America, and therefore is an employee of the government within the meaning of

Title 28 U.S.C § 2671.

**COUNT THREE: NEGLIGENCE AGAINST THE UNITED STATES POSTAL SERVICE**

15. The motor vehicle operated by the Defendant, Philip Tonning O'Sullivan, was owned by the Defendant, The United States Postal Service.

16. At all times mentioned herein, the Defendant, Philip Tonning O'Sullivan, was operating the vehicle as an officer, agent, servant and/or employee of the Defendant, The United States Postal Service.

17. The Defendant, Philip Tonning O'Sullivan, is an employee of the Defendant, The United States Postal Service, and therefore is an employee of the government within the meaning of Title 28 U.S.C § 2671.

**DAMAGES**

18. By reason of said negligence and collision aforesaid, and as a proximate result thereof, the Plaintiff, Darren Martinez, suffered:

(a) 5% percent impairment of the cervical spine;

(b) 5% percent impairment of the thoracic spine;

(c) Loss of the cervical lordotic curve;

(d) Headaches;

(e) Radiculopathy of the cervical region;

(f) Cervical spine sprain/strain;

(g) Segmental and somatic dysfunction of cervical region;

(h) Right shoulder contusion;

(i) Left wrist sprain;

(j) Radiculopathy, thoracic region;

(k) Thoracic spine sprain/strain;

(l) Segmental and somatic dysfunction of thoracic spine;

(m) Lumbar spine sprain/strain;

(n) Segmental and somatic dysfunction of lumbar spine;

(o) Muscle spasm;

(p) Physical pain;

(q) Severe shock to the nervous system;

(r) Lost wages.

19. The Plaintiff, Darren Martinez, further alleges the injuries will result in some disability to him, all to his general damage in an amount excess of NINE HUNDERD NINETY-NINE THOUSAND NINE HUNDRED NINETY-NINE and 99/100 DOLARS ($999,999.99).

20. In addition to the general damages sustained by the Plaintiff, Darren Martinez, he has suffered substantial expenses, which he has incurred and will continue to incur, including but not limited to, expenses for medical treatment, including the service of doctors, the hospital and the like, all in the amount in excess of TWENTY-SEVEN THOUSAND SIX HUNDRED FIFTY ONE DOLLARS AND NINETY-NINE CENTS ($27,651.99), the exact amount to be proven at trial.

21. As a further proximate result of the herein alleged carelessness and negligence, the Plaintiff, Darren Martinez, was not able to perform his usual and customary chores for a period of time, he was required to curtail his household chores and his social activities during said period of time and in the future may and/or will continue to incur further restrictions, all to his further special damage in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Darren Martinez, respectfully requests judgment as follows:

1. General and special damages in excess of $999,999.99
2. Special damages in excess of $27,651.99;
3. Reasonable attorney fees and costs of suit; and
4. Such other relief as the Court may deem proper

## DEMAND FOR TRIAL BY JURY

The plaintiff demands a trial by jury on all counts of this Complaint.

Dated this 8th of July 2022.

THE PLAINTIFF,

By: _____
Michael E. Skiber, Esq.
Law Offices of Michael E. Skiber
152 East Avenue
Norwalk, CT 06851
Fed. Bar No. ct27935
P: 203-615-0090
F: 866-418-8038
E: attys@skiberlaw.com